**CIRCUIT COURT OF THE CITY OF RICHMOND**

Patrick J. Fetta

v.

Virginia Board
of Medicine et al.

July 17, 1990

Case No. N-8309-4

By JUDGE RANDALL G. JOHNSON

This case is before the court on Dr. Patrick J. Fetta's appeal of a decision of the Virginia Board of Medicine revoking his license to practice chiropractic. Fetta's appeal is based on what he claims are errors in the factual findings of the Board, as well as procedural errors in the administrative process. Fetta also alleges on appeal that the medical doctor members of the Board were biased against chiropractors generally, and against Fetta in particular, and that such bias constitutes an independent ground upon which to reverse the Board's decision.

With regard to the allegation of bias, the court allowed Fetta to present evidence of bias at the hearing on his appeal. The court now finds that such evidence does not support Fetta's allegation of bias. Accordingly, no relief will be granted to Fetta on that ground.

Turning now to the issues of procedural error and errors in the Board's factual findings, Va. Code Section 9-6.14:17, part of the Administrative Process Act, provides:

> The burden shall be upon the party complaining of agency action to designate and demonstrate

an error of law subject to review by the court. Such issues of law include . . . (iii) observance of required procedure where any failure therein is not mere harmless error, and (iv) the substantiality of the evidential support for findings of fact. The determination of such fact issue is to be made upon the whole evidential record provided by the agency . . . . When the decision on review is so to be made on such agency record, the duty of the court with respect to issues of fact is limited to ascertaining whether there was substantial evidence in the agency record upon which the agency as the trier of the facts could reasonably find them to be as it did.

Because the court finds that the Board failed to observe required procedure, and that such failure is not mere harmless error, the revocation of Fetta's license must be set aside.[1]

### 1. *Procedural Error*

Va. Code § 54.1-110, which governs regulatory boards, including the Board of Medicine, provides in pertinent part:

Every hearing in a contested case shall be conducted in accordance with the provisions of the Administrative Process Act (§ 9-6.14:1 et seq.). When a hearing officer presides, the regulatory board shall determine whether the hearing officer is to hear the case alone or whether the board is to hear the case with the hearing officer.

Here, a formal hearing was held before a hearing officer. Over Fetta's objection, four members of the Board

---

[1] In light of the court's finding of procedural error, the question of whether the Board's factual findings are supported by substantial evidence need be addressed only to the extent that it has a bearing on whether the procedural error is harmless. This will be discussed infra.

were also present. Those members were allowed by the hearing officer to ask extensive questions of the witnesses, and on at least one occasion, offered an opinion on the admissibility of evidence. Hearing Transcript at 125-26. This was totally improper.

Section 54.1-110 is clear and unambiguous. It says that when a hearing officer presides over a formal hearing, that hearing officer is to hear the case "*alone*" or with the "*board*" (emphasis added). These words have clear and unequivocal meanings. "Alone" means by himself or herself. It does not mean with only a few other people. The "board" means, for our purposes, the Board of Medicine. It does not mean four members of that board.[2] The presence of those members at the hearing violates the statute.

The Board raises several defenses to Fetta's challenge to its procedural error. First, it argues that the presence of the four members at the hearing does not violate the statute because some Board members are *always* present at such hearings. The court, however, is not concerned with other hearings at which the parties agrees to deviate from the mandate of the statute, or at which the respondents waived their right to the procedure specified in the statute by not objecting to the Board members' presence. Here, there was no agreement or waiver. Dr. Fetta vociferously objected, and his objection was overruled. In light of that objection, the Board's past practice is of no moment. The statute gives the Board two options: a hearing conducted by the hearing officer alone, or a hearing conducted by the hearing officer and the Board. The General Assembly has not seen fit to give the Board the option for which it now argues, and this court has no power to do so.

Next, the Board states that even if the statute was violated, such violation was only "technical"; that is, that the Board members who were present were present not in any official capacity, but merely as observers. This argument, however, is totally refuted by the Board's counsel himself, who stated at the hearing:

> [The four Board members] are not acting as a prosecutor in the case. They are acting in a

[2] Eleven members of the Board constitute a quorum. Va. Code Section 54.1-2911.

*quasi-judicial capacity* . . . . Hearing Transcript at 93-4 (emphasis added).

Indeed, even one of the Board members present, Dr. Pepper, viewed the members' roles as much more than mere observers:

> We are here today, have given up our time for the two or three days this is going to take, *expressly so we can be of assistance in developing the evidentiary record* with whatever expertise we bring to these proceedings. *Id.* at 90 (emphasis added).[3]

Finally, the Board argues that any violation which was committed was mere harmless error and that its decision should be affirmed because of the "substantiality of the evidential support" for the Board's factual findings. *See* Va. Code § 9-6.14:17(iv), quoted *supra.* The court cannot agree.

As is made clear by the statements of Dr. Pepper and the Board's counsel quoted above, the four Board members who were present at the hearing intended to -- and did -- take a very active part in the hearing. They asked over two hundred questions of the witnesses and engaged in several discussions with the hearing officer about what types of questions and evidence should be allowed. Those same Board members then sat with the full Board to decide the case. The court is firmly convinced that such action requires reversal of the Board's decision.

Va. Code § 9-6.14:17 makes it clear that the factual findings of the Board can be set aside only if there is not substantial evidentiary support for those findings.

---

[3] Counsel for the Board echoed Dr. Pepper's sentiments in arguing that the Board has a right to have some of its members present to assist the hearing officer by providing necessary expertise. As already noted, however, that is a decision for the legislature, not the Board or even this court, to make. Moreover, if the Board does believe that a particular hearing will not be full or fair because of a lack of the members' individual or collective expertise, the statute already provides the option of having the BOARD sit with the hearing officer. The statute simply does not allow individual members of the Board to sit.

Such standard assumes, however, that the findings themselves were made in such a manner as to give the respondent the full panoply of substantive and procedural rights accorded him under the federal and state constitutions, as well as any statutes in furtherance of those rights. The Board's findings in this case do not comply with this principle.

Whatever authority is vested in the Board of Medicine is vested in the *Board*, not the individual members of the Board. When the Board chooses to sit with the hearing officer during a hearing, it hears the evidence and reaches a decision; that is, the *full Board*, or at least a quorum of the full Board, hears the evidence and makes a decision.

When the Board decides that the hearing officer will hear the case alone, the hearing officer recommends findings and a decision to the full Board. Again, the *full* Board, or a quorum thereof, makes the decision. In either event, all of the Board members making the decision must have had, in this court's opinion, an equal opportunity to hear and see the evidence, and, if they so choose, to ask questions of the witnesses. That did not happen here. Indeed, what happened here is analogous to allowing two or three members of a jury to sit on a case, and then go into deliberations with the full jury, which only reviews the record, to reach a verdict. Such a procedure is foreign to our general system of jurisprudence and administrative procedure and is fraught with danger. Obviously, the members who were present will be called upon to share their first-hand observations with the absent members, and, at least to that extent, will have a greater voice in the Board's decision than the other members. Moreover, the Board members who were present will, by the very fact of their presence, have different perspectives and viewpoints of the evidence than those members who were not present. The court feels that if such a drastic departure from normal judicial or administrative decision-making is to occur, it must be instigated by the General Assembly.

Moreover, the court also concludes that the presence of the four Board members at the hearing in this case, and their subsequent participation in the full Board's deliberations, so taint the Board's fact-finding process concerning disputed factual issues -- and the factual issues were very much in dispute -- as to undermine the "substantiality of the evidential support" required by

Section 9-6.14:17 for affirmance of its findings. Accordingly, the court finds that the Board's procedural error is not harmless and requires reversal.

## 2. *Other Procedural Challenges*

While the court's decision regarding the presence of Board members at the administrative hearing is dispositive, the court feels it should address two other procedural matters raised by Dr. Fetta. First, Fetta claims that the administrative proceedings were flawed because the hearing officer allowed a chiropractor to testify as an expert witness even though his name did not appear on a standing list of experts provided to the Board in accordance with Va. Code § 54.1-2925. Second, Fetta argues that the Board improperly considered allegations of misconduct concerning patients who had never filed a written complaint. The court rejects both claims.

With regard to the expert witness, § 54.1-2926 does provide that such witness shall be selected "from lists of specialists to be provided and regularly updated by the appropriate professional societies." While the name of the particular expert involved here did not appear on the list originally furnished by the Virginia Chiropractic Association, that expert had been used in the past, and he was used here only after the Association's president approved his name being added to the list. In the absence of any showing that the expert's name was added for some improper purpose - and the court specifically finds that no such showing has been made here - any deviation from the statutory requirements is harmless error only.

With regard to the necessity for written charges, Dr. Fetta reads too narrowly the language of Va. Code Section 54.1-2920 requiring that "[a]llegations of violations of this chapter shall be in writing to the Board or any member thereof." Fetta complains that while only one patient filed written charges against him, he was forced to answer charges involving other patients as well. The statute does not prohibit this.

The statute does, as Dr. Fetta asserts, require that allegations of violations be in writing. Here, such written allegations were presented. The court reads nothing in the statute which prohibits the Board, once written charges

are filed, from hearing matters uncovered during the investigation of the written charges, even though such later-discovered matters were not the subject of previously filed written complaints. Indeed, the Board would be derelict in its duties if it did not investigate such charges. As long as the respondent is given adequate written notice *by the Board* of the charges which he must answer, the fact that each such charge was not the specific subject of a written complaint by a patient or other member of the public is irrelevant.

## 3. *Case Disposition*

Having determined that the Board of Medicine committed a procedural error requiring that its decision be reversed, the remaining question is what happens next. Va. Code Section 9-6.14:19 provides:

> Unless an error of law as defined in § 9-6.14:17 appears, the court shall dismiss the review action or affirm the agency regulation or decision. Otherwise, it may compel agency action unlawfully and arbitrarily withheld or unreasonably delayed except that the court shall not itself undertake to supply agency action committed by the basic law to the agency. Where a regulation or case decision is found by the court to be not in accordance with law under § 9-6.14:17, the court shall suspend or set it aside and remand the matter to the agency for such further proceedings, if any, as the court may permit or direct in accordance with law.

In light of the proceedings which have already taken place in this case, particularly the Board's findings based upon improper procedure, the court cannot imagine how the individual Board members can erase what has happened from their minds and consider this case as if they had had no previous involvement with it. Human nature being what it is, no amount of self-discipline will allow the Board members to ignore what they have already seen, heard, and discussed during the flawed proceeding so that Dr. Fetta will receive a full and fair hearing on remand. Since

Section 9-6.14:19 specifically prohibits this court from "undertak[ing] to supply agency action committed by the basic law to the agency," the court has no choice but to remand the case to the Board with instructions to dismiss the present proceeding and not to institute any future proceedings based on allegations of misconduct involved here.